UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                   :
DELRAY RICHARDSON,                                                 :
                                                                   :    **ORDER AND OPINION**
                                            Plaintiff,             :    **GRANTING MOTION FOR**
                                                                   :    **JUDGMENT ON THE**
         -against-                                                 :    **PLEADINGS**
                                                                   :
TOWNSQUARE MEDIA, INC.,                                            :    24 Civ. 4217 (AKH)
                                                                   :
                                            Defendant.             :
                                                                   :
                                                                   :
------------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant Townsquare Media, Inc. moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking dismissal of the copyright infringement action brought by Plaintiff Delray Richardson. For the reasons below, Defendant's motion is granted.

## FACTS

      Plaintiff Delray Richardson, a professional videographer, alleges that Defendant Townsquare Media, Inc. ("Townsquare"), the owner of XXL, an online news and entertainment publication, violated the Copyright Act, 17 U.S.C. § 101, by posting two copyrighted videos on its website. The first video (the "Jordan video") depicts former professional basketball player Michael Jordan stopping one individual from engaging in a fight with another individual. Plaintiff Richardson created that video in May 2015 and obtained a copyright registration with the United States Copyright Office for it. On July 23, 2023, social media blog DailyLoud posted the video on X.com. Defendant Townsquare subsequently published on the XXL website an article reporting on the posting of the video. The article described the video's contents, included one screenshot from it, and embedded DailyLoud's X post containing the video. It also reported

1

on *ex post facto* speculation that YouTuber Charleston White was one of the individuals involved in the altercation, as well as Mr. White's denial of that accusation.

The second video (the "Melle Mel video") depicts American rapper Melvin Glover, also known as Melle Mel, being interviewed by Plaintiff. In the interview, Melle Mel made racially disparaging comments about rapper Eminem. The video was published on YouTube by Plaintiff's predecessor in interest, The Art of Dialogue, on March 2, 2023. The next day, Townsquare published an online article on XXL reporting on the video, including a screenshot from it, and embedding the original video from YouTube. On March 5, 2023, XXL published a follow-up article about the Melle Mel video, again embedding the video from YouTube and including a screenshot from it. The Melle Mel video was registered by the United States Copyright Office, and Plaintiff later acquired the rights in it from The Art of Dialogue via written assignment.

Defendant Townsquare raises a fair use defense for the posting of the Jordan video, a licensed use defense for both postings of the Melle Mel video, and a *de minimis* use defense as to the screenshots from both videos. On those bases, Defendant moves for judgment on the pleadings, arguing that Plaintiff has failed to assert a valid claim for relief.

## LEGAL STANDARD

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial" under Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, the court applies "the same standard applicable to Rule 12(b)(6) motions to dismiss, accepting all factual allegations in the [C]omplaint as true and draw[ing] all reasonable inferences in [the nonmoving party's] favor." *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 78 (2d Cir. 2015); *see also Walsh v. Townsquare Media, Inc.*, 464 F. Supp. 3d 570, 578 (S.D.N.Y. 2020). "The court considers the complaint, the answer, any written documents

2

attached to them, and any matter of which the court can take judicial notice for the factual background of the case" in deciding a Rule 12(c) motion. *L-7 Designs, Inc. v. Old Navy*, LLC, 647 F.3d 419, 422 (2d Cir. 2011). The court may grant judgment on the pleadings only if no material issue of fact remains to be resolved and the moving party is entitled to judgment as a matter of law. *See Juster Assocs. v. City of Rutland*, 901 F.2d 266, 269 (2d Cir. 1990).

To establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The defendant bears the burden of proving fair use as an affirmative defense. *See Authors Guild v. Google, Inc.*, 804 F.3d 202, 213 (2d Cir. 2015). Courts engage in "an open-ended and context-sensitive inquiry" to determine whether a particular use qualifies as fair, and evaluate four factors in conducting that inquiry: (1) the purpose and character of the use, (2) the nature of the work, (3) the amount and substantiality of the portion used in relation to the work as a whole, and (4) the effect of the use upon the potential market for or value of copyrighted work. 17 U.S.C. § 107; *Blanch v. Koons*, 467 F.3d 244, 250-51 (2d Cir. 2006). A license or sublicense in the copyrighted work also functions as a complete defense to a copyright infringement claim. *See Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 121 (S.D.N.Y. 2015); *see also Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998).

## DISCUSSION

There is no dispute that Defendant Townsquare used Plaintiff's validly copyrighted videos without authorization, and Plaintiff has thus established a *prima facie* case of copyright infringement. *See Feist*, 499 U.S. at 361. Defendant raises complete defenses as to each use, however, and I will address them in turn.

3

I. **The Jordan Video**

Defendant Townsquare raises a fair use defense as to the Jordan video. Courts determine whether use of copyrighted material was fair by weighing four factors. 17 U.S.C. § 107. The first fair use factor assesses the purpose and character of the use. *Id.* This inquiry turns on "whether the use merely supersedes the objects of the original creation . . . or instead adds something new, with a further purpose or different character." *Andy Warhol Found. For the Visual Arts v. Goldsmith*, 598 U.S. 508, 528 (2023). "If the secondary use adds value to the original—if copyrightable expression in the original work is used as raw material, transformed in the creation of new information, new aesthetics, new insights and understandings—this is the very type of activity that the fair use doctrine intends to protect." *Castle Rock Entm't, Inc. v. Carol Pub. Grp., Inc.*, 150 F.3d 132, 142 (2d Cir. 1998). Use of a copyrighted work for a news report, where "the copyrighted work is itself the subject of the story," such as a news article about a viral video which displays a clip of that video "to illustrate what all the fuss is about," usually constitutes fair use. *Barcroft Media, Ltd. v. Coed Media Grp., LLC*, 297 F. Supp. 3d 339, 352 (S.D.N.Y. 2017); *see also Walsh*, 464 F. Supp. 3d at 580-81; *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578-79 (1994). Indeed, news reporting is cited in the Copyright Act itself as an example of a legitimate purpose for copying. 17 U.S.C. § 107. Although a nominally news reporting purpose does not guarantee a fair use finding, the "[d]isplay of a copyrighted image or video may be transformative where the use serves to illustrate criticism, commentary, or a news story about that work." *Barcroft*, 297 F. Supp. 3d at 352; *see also Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 557 (1985).

The original video depicts Michael Jordan stopping an individual from engaging in a fight. Townsquare's article reported on the posting on X of that video by DailyLoud, discussed the video's contents, reported on speculation about another individual's involvement in

4

the events depicted, and reported that individual's comments in response to the accusation. The post containing the original video was embedded at the bottom of the article. Because the video was the subject of the news story and because the article added new information and context about the contents of the video, the Townsquare article can be considered use of a further purpose or different character.

The second factor, the nature of the work, weighs in favor of fair use when the work was previously published and when the work serves an informational, factual purpose rather than a creative one. *See Blanch*, 467 F.3d at 256. The original Jordan video was published online and depicted factual and newsworthy events, and the second factor thus supports a fair use finding.

The third factor assesses the amount and substantiality of the portion of the copyrighted work used. 17 U.S.C. § 107. "The more of a copyrighted work that is taken, the less likely the use is to be fair . . . even a less substantial taking may be unfair if it captures the essence of the copyrighted work." *Infinity Broadcast Corp. v. Kirkwood*, 150 F. 3d 104, 109 (2d Cir. 1998). "The crux of the inquiry is whether no more was taken than necessary." *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 98 (2d Cir. 2014). Courts consider "whether the quantity of the material used was 'reasonable in relation to the purpose of the copying.'" *Nicklen v. Sinclair Broad. Grp., Inc.*, 551 F. Supp. 3d 188, 198 (S.D.N.Y. 2021) (quoting *Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 926 (2d Cir. 1994)). The Second Circuit has acknowledged that in some cases, such as accurately reporting a news story to the public, it may be necessary to copy the entire work. *See id.*; *see also Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 84 (2d Cir. 2014). It is undisputed that Townsquare copied the entire Jordan video. However, because it embedded the DailyLoud X post which contained the video in its entirety,

5

Townsquare could not reasonably have copied only a portion of the video. Additionally, in the context of reporting on the events depicted in the video and the individuals possibly involved in those events, copying the entire video was necessary to "convey information to the public accurately." *See Swatch*, 756 F.3d at 84.

The fourth factor considers the effect of the use on the potential market for or value of the copyrighted work. 17 U.S.C. § 107. The concern is "whether the secondary use usurps the market of the original work." *Blanch*, 467 F. 3d at 258. "A news article about a viral video," such as the Townsquare article about the Jordan video, "is unlikely to threaten to 'deprive the rights holder of significant revenues because of the likelihood that potential purchasers may opt to acquire the copy in preference to the original.'" *Nicklen v. Sinclair Broad. Grp., Inc.*, 551 F. Supp. 3d 188, 198 (S.D.N.Y. 2021) (quoting *Authors Guild*, 804 F.3d at 223). As Judge Rakoff noted in *Nicklen*, this is because the news article serves a different purpose from the original video, and potential purchasers of the original work are unlikely to "find reviewing the news article an adequate substitute." *Nicklen*, 551 F. Supp. 3d at 198. Furthermore, where an original work is reproduced not on its own, "but as part of [an embedded post], alongside text and another image, it is implausible that Defendant's use would compete with Plaintiff's business or affect the market or value of [Plaintiff's] work." *Walsh*, 464 F. Supp. 3d at 586; *see also Yang v. Mic Network, Inc.*, 405 F.Supp.3d 537, 548 (S.D.N.Y. 2019). The *Walsh* and *Yang* Courts each reasoned that because the embedded post containing the copied work was cluttered by other text and images, such as the post's byline and caption, those looking to purchase the original work were unlikely to find the copy to be a satisfactory replacement. *See id.* Townsquare's article reporting on the original Jordan video similarly contained that

6

original video as part of an embedded post from X, including additional text and images from the X post, and there is thus little to no risk of market usurpation.

I hold that Townsquare's article embedding the Jordan video was fair use. Defendant's motion for judgment on the pleadings as to the Jordan video is therefore granted.

## II. The Melle Mel Video

Defendant Townsquare raises a licensed use defense as to the Melle Mel video, which was originally posted on YouTube and later embedded in an article by Townsquare. Under YouTube's Terms of Service, when a user uploads a video to YouTube, YouTube is granted a broad license and Youtube's users are granted a sublicense:

> By providing Content to the Service, you grant to YouTube a worldwide, non-exclusive, royalty-free, sublicensable and transferable license to use that Content (including to reproduce, distribute, prepare derivative works, display and perform it) in connection with the Service and YouTube's (and its successors' and Affiliates') business, including for the purpose of promoting and redistributing part or all of the Service . . . You also grant each other user of the Service a worldwide, non-exclusive, royalty-free license to access your Content through the Service, and to use that Content, including to reproduce, distribute, prepare derivative works, display and perform it, only as enabled by a feature of the Service (such as video playback or embeds).

Myers Decl. Ex. G at 9, ECF No. 26. I take judicial notice of these publicly available Terms of Service, and the license and sublicense agreements contained in them. *See* Fed. R. Evid. 201; *see also McGucken v. Newsweek LLC*, 464 F. Supp. 3d 594, 600 n.2 (S.D.N.Y. 2020) (taking judicial notice of Instagram's publicly available Terms of Use on a motion to dismiss).

When The Art of Dialogue uploaded the Melle Mel video to YouTube, it granted a license to YouTube to use the video and a sublicense to other users of YouTube, including Townsquare, to use the video. Those licenses were explicitly and unambiguously laid out in YouTube's Terms of Service, and the sublicense clearly extends to embedding the video. Since

7

Townsquare had a sublicense to embed the video, Plaintiff's copyright infringement claim as to the Melle Mel video cannot stand. *See Spinelli*, 96 F. Supp. 3d at 121.

### III. The Screenshots

In copyright infringement cases, the plaintiff must prove that (1) unauthorized copying of the copyrighted work occurred, and (2) the infringing work is substantially similar. *See Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003). When the copying is "so trivial as to fall below the quantitative threshold of substantial similarity, the copying is not actionable." *Gottlieb Dec. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 632 (S.D.N.Y. 2008). Single still-frame screenshots from videos posted on social media platforms, which make up a very small fraction of the original video, are generally considered to constitute *de minimis* use and fall below the substantial similarity threshold. *See, e.g., Konangataa v. American Broadcasting Companies, Inc.*, 2017 WL 2684067, at *2 (S.D.N.Y. June 21, 2017). Townsquare's posting of single-frame screenshots from both the Jordan video and the Melle Mel video was *de minimis*, and Plaintiff has failed to state a claim for copyright infringement as to those screenshots.

### CONCLUSION

Defendant's motion for judgment on the pleadings, dismissing the Complaint, is granted. Defendant is entitled to reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505, and may prove them except as to defamation attorney's fees and costs. The Clerk shall terminate the motion, ECF No. 24, and close the case.

SO ORDERED.

Dated:  January 14, 2025
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

8