

# SANDERS LAW GROUP

333 EARLE OVINGTON BOULEVARD, SUITE 402
UNIONDALE, NEW YORK 11553
T: 516-203-7600
F: 516-282-7878

February 6, 2025

Hon. Alvin K. Hellerstein
U.S. District Court
Southern District of New York
500 Pearl St.
Room 1050
New York, NY 10007-1312

*[Handwritten note: Motion for stay granted, on condition that plaintiff prosecutes the appeal without seeking adjournments. 2-10-25 /s/ AK Hellerstein]*

Re: *Delray Richardson v. Townsquare Media, Inc.*
Case No: 1:24-cv-04217-AKH

Dear Judge Hellerstein:

We are the attorneys for plaintiff Delray Richardson ("*Plaintiff*") in the above-referenced matter and write to respectfully request a stay of the briefing schedule for defendant Townsquare Media, Inc.'s ("*Defendant*") Motion for Attorneys' Fees pending resolution of Plaintiff's appeal.

On January 14, 2025, the Court issued its Order & Opinion dismissing the First Amended Complaint and held that Defendant may seek reasonable attorneys' fees pursuant to 17 U.S.C. § 505. [Dkt. No. 31]. Judgment was entered on January 15, 2025. [Dkt. No. 32]. Defendant has since sought an extension on its deadline to submit its motion for fees, which the Court granted on January 28, 2025. [Dkt. No. 34]. As such, Defendant's current filing deadline is February 19, 2025. [*Id.*].

On February 6, 2025, Plaintiff timely filed a Notice of Appeal of the Court's Order granting judgment on the pleadings to Defendant to the United States Court of Appeals for the Second Circuit. [Dkt. No. 35]. In light of his appeal on the merits, Plaintiff respectfully submits that staying the briefing of Defendant's motion for fees until after the appeal is resolved would serve the interests of judicial economy. Proceeding now with briefing on the motion would only result in unnecessary expenditure of resources by the Court and the parties. Defendant, via counsel, has advised the undersigned that it does not consent to the relief requested herein

Plaintiff's application here aligns with decisions routinely issued which defer the briefing on attorneys' fees, or denied such motions without prejudice pending resolution of an appeal on the merits. See e.g. *Gill v. Bausch & Lomb Supplemental Ret. Income Plan I*, No. 6:09-CV-6043 MAT, 2014 WL 1404902, at *1 (W.D.N.Y. Apr. 10, 2014) (finding that "delaying resolution of Plaintiffs' request for attorneys' fees until Defendants' appeal on the merits has been decided is the 'more prudent course of action'.") (citation omitted); *Barrella v. Vill. of Freeport*, 56 F. Supp. 3d 169, 172-73 (E.D.N.Y. 2014) ("[W]here the losing party takes an appeal on the merits of [a] case, the district court has the discretion to defer ruling on the prevailing party's motion for attorney[s']



fees."); *Matsumura v. Benihana Nat'l Corp.,* C.A. No. 06-cv-76009 (NRB), 2010 WL 1783552, at *1 (S.D.N.Y. Apr. 23, 2010) (*citing Tancredi v. Metro. Life Ins. Co.,* 378 F.2d 220, 225–26 (2d Cir. 2004)) (denying defendant's Motion for Attorneys' Fees without prejudice and deferring consideration thereof until after the Second Circuit has addressed the merits of plaintiffs' pending appeal.); *Regeneron Pharms., Inc. v. Merus N.V.,* No. 14-CV-1650 (KBF), ECF No. 431 (S.D.N.Y. Nov. 18, 2015) (Forrest, J.) (staying the briefing on the fee motion until resolution of the appeal as "[t]he appeal of this matter could impact the fee request."); *Topps Co., Inc. v. Koko's Confectionary & Novelty,* 2020 WL 6082093, at *2 (S.D.N.Y. Oct. 15, 2020) (finding the denial of the motion for attorney's fees without prejudice to be warranted as "it is clear that the resolution of plaintiffs pending appeal on the merits could potentially impact [the Court's] determination of the [fee] motion.").

Plaintiff respectfully requests that the Court exercise its discretion and issue an order staying briefing on Defendant's fee motion pending resolution of Plaintiff's appeal.

Respectfully submitted,

**SANDERS LAW GROUP**

/s *Jaymie Sabilia-Heffert*
Jaymie Sabilia-Heffert, Esq.

cc: Counsel of record via ECF