**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DELRAY RICHARDSON,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>TOWNSQUARE MEDIA, INC.,<br><br>　　　　　　Defendant. | Case No: 1:24-cv-04217-AKH<br><br>**UPDATED CIVIL CASE MANAGEMENT PLAN** |

After consultation with counsel for the parties, the following Updated Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.　　The case (is) (is not) to be tried to a jury. [Circle as appropriate].

B.　　Non-Expert Discovery:

　　　1.　　The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by **January 8, 2027**, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

　　　　　a.　　The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

　　　2.　　Joinder of additional parties must be accomplished by **June 19, 2026**.

　　　3.　　Amended pleadings may be filed without leave of the Court until **N/A**　　　　　　.

　　　4.　　Plaintiff shall file, by **June 19, 2026,** an Amended Complaint reflecting the decision of the Second Circuit.

　　　5.　　Any motion seeking leave to add additional claims shall be filed by **June 19, 2026**.

C.      For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

D.      Motions, Settlement, Second Pre-Trial Conference, and Expert Discovery:

1.      Upon the conclusion of non-expert discovery, counsel for the parties shall meet for at least two hours at the office of plaintiff's counsel, to discuss settlement. The date for the meeting is **January 13, 2027**, at **11:00** a.m. (Counsel shall insert a date but, at the option of either, the date may be canceled upon the service or filing of a dispositive motion and notice to the court.)

a.      There shall be no cross-motions.

2.      Approximately one week thereafter, the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the prospects of settlement, whether alternative disputes-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, appropriate motions and schedules therefor, and any other issue counsel or the Court wish to discuss. The Case Management Conference will be held on **January 22, 2027**, at **10:00** a.m.

3.      As to motions, there shall be no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs.

E.      Any request for relief from any date provided in this Case Management Plan shall conform to the Court's Individual Rules, and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F.    A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits the parties actually intend to offer at the trial.

G.    Pre-Trial Motions: Depending on discovery, the parties reserve the right to make a motion for summary judgment on one or more issues. The parties further reserve the right to make motions in limine and other pre-trial evidentiary motions.

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, and otherwise conform to my Individual Rules 1(D) and 2(E).

SO ORDERED.

DATED:    New York, New York
June 10, 2026

ALVIN K. HELLERSTEIN
United States District Judge

## ATTACHMENT A

The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| 1. Serve first set of document requests and interrogatories | 7/15/2026 |
| 2. Discovery Cut-Off | 1/08/2027 |
| 3. Deposition Deadline (Limited to 2 per party) | 1/08/2027 |
| 4. Serve Requests for Admissions | August 15, 2026 |
| 5. Serve Initial Disclosures pursuant to Rule 26(a)(1) | June 23, 2026 |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |

**ATTACHMENT B**

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

1.    **PLAINTIFF'S CLAIMS:**

Statutory damages under Section 504(c) are awarded for each infringed work in the amount of at least $750 and up to $30,000, unless the infringement is willful, in which case the court may award as much as $150,000 per infringement. 17 U.S.C. § 504(c). The court at its discretion may also award attorneys' fees to the prevailing plaintiff as provided by 17 U.S.C. § 505.

As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

To the extent that discovery shows that the infringements of the Plaintiff's copyrighted works commenced after Plaintiff obtained a copyright registration for those works or within three months of first publication if the works were published at the time of infringement as required by 17 U.S.C. § 412, Plaintiff alleges that an award for statutory damages within the awardable range provided by 17 U.S.C. § 504(c) would be warranted not only to compensate Plaintiff but also to deter Defendant and others from infringing the copyrights of other.

As Plaintiff has not yet obtained discovery of Defendant's financial, sales and other relevant records, Plaintiff cannot make a reasonable estimate of the damages sustained or infringing profits he may recover as a result of Defendant's actions. Plaintiff reserves his right as to if he will seek actual or statutory damages.

Plaintiff also seeks an award of reasonable attorneys' fees and costs under section 505 of the Copyright Act as well as injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

2.    **COUNTERCLAIMS AND CROSS-CLAIMS:**

N/A

3.    **THIRD-PARTY CLAIMS:**

N/A