UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

DELRAY RICHARDSON,

Plaintiff,

- against -

TOWNSQUARE MEDIA, INC.,

Defendant.

---------------------------------------------------------- x

Case No. 1:24-cv-04217-AKH

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information. Information and documents designated by a party as confidential ("Confidential Information") will be stamped "CONFIDENTIAL" wherever possible, or otherwise clearly identified as CONFIDENTIAL in a written record.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Confidentiality Stipulation

and Protective Order (the "Stipulation") constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5. Confidential Information shall not be disclosed to any person, except:

a. The requesting party and counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the action, to the extent deemed necessary by counsel;

d. Witnesses or deponents and their counsel, only to the extent deemed necessary by counsel to conduct or prepare for depositions or testimony or to prepare and submit declarations or affidavits in this action; and

e. The Court (including the mediator, or other persons having access to any Confidential Information by virtue of his or her position with the Court).

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person(s) in paragraph 5(c) or 5(d) above, to sign an agreement to be bound by this Stipulation in the form attached as Exhibit A.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation.

8. This Stipulation shall not be construed to limit a producing party's right to use or disclose its own Confidential Information for any purpose or to limit any person or entity's right to use or disclose information that is publicly available or of which they are aware independently of any Confidential Information.

9. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft, etc.) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential, and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulation shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. In the event of

inadvertent disclosure of privileged or work product protected documents or communications, and upon notice by the producing party of such inadvertent disclosure, the receiving party shall, if requested, promptly make a good faith effort to return and/or destroy such material and shall confirm the same in writing. The receiving party shall further not use any such inadvertently produced material for any purpose absent further Order of the Court.

11. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

12. If any person subject to this Stipulation in possession of Confidential Information (the "Receiver") receives a subpoena or other compulsory process (a "Demand") seeking the production or other disclosure of Confidential Information, the Receiver shall give written notice to counsel for the party or third party that produced the Confidential Information within three (3) business days of receipt of such Demand (or if a response to the Demand is due in less than three (3) business days, at least twenty-four (24) hours prior to the deadline for a response to the Demand), identifying the Confidential Information sought and enclosing a copy of the Demand. Nothing herein shall preclude the parties from disclosing Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party,

destroyed. Upon request, a receiving party shall provide a written confirmation to a producing party that all Confidential Information has been returned or destroyed.

14. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation.

**SO STIPULATED AND AGREED.**

Dated: August 20, 2026
New York, New York

SANDERS LAW GROUP

*/s/ Renee J. Aragona*
Renee J. Aragona
333 Earle Ovington Boulevard, Suite 402
Uniondale, NY 11553
(516) 213-7600
raragona@sanderslaw.group

*Counsel for Plaintiff*
*Delray Richardson*

DAVIS WRIGHT TREMAINE LLP

*/s/ Abigail Everdell*
Abigail B. Everdell
Celyra I. Myers
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
(212) 603-6468
abigaileverdell@dwt.com
celyramyers@dwt.com

*Counsel for Defendant*
*Townsquare Media, Inc.*

**SO ORDERED**

Alvin K. Hellerstein

**ALVIN K. HELLERSTEIN**
**United States District Judge**

Dated: August 24, 2026
New York, New York

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

DELRAY RICHARDSON,

Plaintiff,

- against -

TOWNSQUARE MEDIA, INC.,

Defendant.

---------------------------------------------------------- x

Case No. 1:24-cv-04217-AKH

**NON-DISCLOSURE AGREEMENT**

I, ____________________, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ________________________, 20____

____________________________________
Name (printed)

Signed in the presence of:

____________________________________
(Attorney)

____________________________________
Signature